UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AEDIN QUINN,

                        Plaintiff,

        v.

KING COUNTY,

                        Defendant.

CASE NO. 2:25-cv-02121-JHC

ORDER

**I**
**INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss or Abstain (Dkt. # 14), Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 21), Plaintiff's Motion for Immediate Pension Enforcement (Dkt. # 11), and Plaintiff's Motion for Relief from Premature Claim Closure and Termination of Benefits (Dkt. # 27). The Court has considered the materials filed in connection with the motions, the record, and the governing law. Being fully advised, the Court GRANTS Defendant's Motion to Dismiss (Dkt. # 14), DENIES Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 21), and STRIKES Plaintiff's Motions for Immediate Pension Enforcement and Relief from Premature Claim Closure and Termination of Benefits (Dkt. ## 11 & 27).

ORDER - 1

## II
## BACKGROUND

Pro se Plaintiff Aedin Quinn brings this action against Defendant King County.  Plaintiff alleges that Defendant wrongfully terminated his Washington State worker's compensation benefits on March 26, 2019, in violation of his rights under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.  Dkt. # 7 at 2.  He claims that such termination is void, as Defendant violated Washington State's vocational regulations by terminating his time-loss and pension benefits without first opening a vocational referral, assigning a vocational rehabilitation counselor, creating a post-injury Job Analysis, and permitting an attending physician to review and approve the Job Analysis document.  *Id*. at 1; *see also* Dkt. # 10 at 2. The Complaint requests that the Court: (1) declare void the termination of benefits; (2) order Defendant to process and pay Plaintiff's vested pension benefits with direct deposit authorization; (3) award compensation for six years of deprivation and emotional distress; (4) award statutory interest, equitable relief, and costs; and (5) grant any other such relief that the Court deems just and proper.  Dkt. # 7 at 2.

On December 22, 2025, Plaintiff moved for an "Order Granting Immediate Pension Enforcement."  Dkt. # 11.  The Motion asks the Court to order Defendant to immediately pay retroactive pension benefits and interest, and to resume future benefit payments.  *Id*. at 2.  It also states that "[b]ecause Defendant lacked statutory authority at the time of termination, no remand, briefing, or further proceedings are necessary."  *Id*.

On January 6, 2026, Defendant opposed Plaintiff's Motion (Dkt. # 11) and cross-moved to dismiss the action.  Dkt. # 14.  Defendant contends that the Court should dismiss this action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as the Complaint fails to plead a substantial question of federal law.  *Id*. at 3.  Alternatively, it requests

ORDER - 2

that the Court abstain under *Burford*, as resolution of Plaintiff's claims will improperly interfere with the administration of benefits under Washington's worker's compensation scheme. *Id*. at 5.

After Defendant moved to dismiss, Plaintiff moved for leave to file a second amended complaint. Dkt. # 21. Plaintiff seeks amendment "to incorporate newly discovered facts demonstrating that Defendant relied on an Independent Medical Examination ('IME') that expressly acknowledged consultation with a Virginia Mason physician, while failing to reconcile material MRI evidence already contained in the claim record." *Id*. at 1. The proposed second amended complaint incorporates these new facts and continues to allege a procedural due process claim against Defendant based on its alleged failure to comply with the requisite procedural safeguards under Washington law. *See generally* Dkt. # 21-1. Defendant opposes leave to amend, arguing that "Plaintiff's proposed second amended complaint fails to state a cognizable claim under 42 U.S.C. § 1983 for procedural due process violations and should therefore be denied as futile." Dkt. # 25 at 3.

On March 5, 2026, Plaintiff filed another motion—"Motion for Relief from Premature Claim Closure and Termination of Benefits." Dkt. # 27. This Motion requests that "the Court set aside the termination of Plaintiff's time-loss benefits and remand the claim for completion of the psychological evaluation and further development of the medical record." *Id*. at 2.

### III
### DISCUSSION

A.     Defendant's Motion to Dismiss (Dkt. # 14)

Defendant contends that Plaintiff's claims must be dismissed because the Complaint fails to plead a basis for subject-matter jurisdiction. Dkt. # 14 at 4. Specifically, Defendant argues that Plaintiff's claims—claims for worker's compensation under Washington State law—do not present a federal question because such claims arise exclusively under state law. *Id*. Plaintiff

ORDER - 3

responds that he has pleaded a federal claim, as he is challenging "the absence of statutory authority to terminate property interests protected by the Due Process Clause—time-loss and pension rights[.]"  Dkt. # 16 at 1.

      1.      Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991).  Accordingly, a district court may not entertain a suit if it lacks subject-matter jurisdiction over the action.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts may exercise subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As explained by the Supreme Court, "Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).  Subject-matter jurisdiction under 28 U.S.C. § 1331 thus requires a plaintiff to properly plead a federal question on the face of the operative complaint.  *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [it].").  And federal constitutional claims that are "unsubstantial," "frivolous," and legally or factually unsupported will not suffice.  *See Baker v. Carr*, 369 U.S. 186, 199 (1962); *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

Motions to dismiss for lack of subject-matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1).  In bringing a Rule 12(b)(1) motion, a defendant may attack

jurisdiction on a facial or factual basis. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the [defendant] asserts that the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In resolving such an attack, the court must accept the plaintiff's allegations as true and draw all reasonable inferences in their favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The court must also limit its analysis to the allegations contained in the complaint and any exhibits attached thereto. *See, e.g.*, *Hagan v. Recarey*, 2024 WL 3596888, at *8 (E.D. Cal. July 31, 2024), *report and recommendation adopted,* 2024 WL 4133626 (E.D. Cal. Sept. 10, 2024) ("Generally, the court considers only the complaint and any exhibits to the complaint when deciding a motion to dismiss."). If, after accepting all factual allegations as true, the court determines that the complaint's allegations are insufficient "as a legal matter to invoke the court's jurisdiction[,]" it must dismiss the case for lack of subject-matter jurisdiction. *Leite*, 749 F.3d at 1121 (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)); *see also* Fed. R. Civ. P. 12(h)(3).

      2.      Procedural Due Process

"The Due Process Clause of the Fourteenth Amendment imposes procedural constraints on governmental decisions that deprive individuals of liberty or property interests." *Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1190 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 2016); *see also* U.S. Const. amend. XIV, § 1. To state a procedural due process claim, a plaintiff must typically allege two elements: (1) a liberty or property interest protected by the Due Process Clause; and (2) inadequate procedures to protect said interest from erroneous deprivation. *See Nozzi*, 806 F.3d at 1191–93.

As for the first element, "[t]he property interests that due process protects extend beyond tangible property and include anything to which a plaintiff has a 'legitimate claim of entitlement.'" *Id.* at 1191 (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576–77

ORDER - 5

(1972)).  Protected property interests thus include interests in public benefits authorized by state law, particularly where "the implementing regulations greatly restrict the discretion of the people who administer those benefits."  *Id*. (cleaned up and citations omitted); *see also Roth*, 408 U.S. at 576 ("[A] person receiving [public] benefits under statutory and administrative standards defining eligibility for them has an interest in continued receipt of those benefits that is safeguarded by procedural due process.").

As for the second element, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands."  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).  Courts are thus instructed to apply the three-part balancing test from *Mathews v. Eldridge* to determine how much process is due.

> First, courts must look at the nature of the interest that will be affected by the official action, and in particular, to the "degree of potential deprivation that may be created." Second, courts must consider the "fairness and reliability" of the existing procedures and the "probable value, if any, of additional procedural safeguards." Finally, courts must assess the public interest, which "includes the administrative burden and other societal costs that would be associated with" additional or substitute procedures.

*Nozzi*, 806 F.3d at 1992–93 (quoting *Mathews*, 424 U.S. at 341, 343, 347).  When applying this test, however, courts are cautioned to focus on whether the plaintiff has received the procedural minimums under the Due Process Clause—notice and an "opportunity to be heard 'at a meaningful time and in a meaningful manner'"[1]—not on whether the plaintiff has received all procedures to which they are statutorily entitled to under the applicable laws and regulations. *See id*. at 1192 ("Once a substantive right has been created, it is the Due Process Clause which provides the procedural minimums, and not a statute or regulation.") (internal quotation marks and citation omitted).

---

[1] *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

ORDER - 6

3.    Analysis

As it is undisputed that an "ordinary" worker's compensation claim arises under Washington state law, not federal law, *see* Dkt. ## 14 at 3–5; 16 at 1; the Court's subject-matter jurisdiction here depends on whether the Complaint plausibly pleads a procedural due process violation.  The Court concludes that it does not.

Although the Complaint plausibly pleads a property interest protected by the Due Process Clause—worker's compensation benefits authorized by state law—it does not plausibly plead a deprivation of this interest under *Mathews*.  The Complaint alleges a procedural due process violation based on Defendant terminating Plaintiff's benefits without satisfying the statutory requirements.  *See* Dkt. # 7 at 1.  But even if true, Defendant's failure to comply with the technical requirements of the state's statutory scheme does not automatically give rise to a constitutional due process violation.  *See Nozzi*, 806 F.3d at 1192.  And although Plaintiff states that Defendant violated the Due Process Clause and failed to provide Plaintiff with meaningful notice and opportunity to be heard, Plaintiff pleads no facts that would allow the Court to find that the three *Mathews* factors favor Plaintiff.  *See generally* Dkt. # 7.[2]

As unsupported legal conclusions cannot sustain a claim of subject-matter jurisdiction, *see Baker*, 369 U.S. at 199; *McCarthy*, 827 F.2d at 1316, Plaintiff's procedural due process claim, as pleaded in the Complaint, does not invoke this Court's jurisdiction.  As Plaintiff pleads no other basis for subject-matter jurisdiction, the Court concludes that it lacks jurisdiction over

---

[2] The Court also notes that Washington's statutory scheme for worker's compensation appears to contemplate the core elements of procedural due process—notice and opportunity to be heard.  *See* RCW § 51.52.  Plaintiff is also currently challenging the termination of his benefits via Washington's procedures.  *See* Dkt. # 24.  Given the ongoing nature of these proceedings, the Court also questions whether a procedural due process claim (even if properly pleaded) is ripe for judicial review at this time.

ORDER - 7

this action.  It thus GRANTS Defendant's Motion to Dismiss (Dkt. # 14) and DISMISSES Plaintiff's claims, without prejudice, for lack of subject-matter jurisdiction.[3]

B.       Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 21)[4]

Plaintiff seeks to amend his complaint "to incorporate newly discovered facts" showing "that Defendant relied on a misleadingly incomplete medical record to deprive Plaintiff of protected property and liberty interests without constitutionally adequate process."  Dkt. # 21 at 1–2.  Defendant responds that leave to amend should be denied, as Plaintiff's proposed amended complaint fails to state a cognizable due process claim against King County and thus amendment would be futile.  Dkt. # 25 at 3.

Federal Rule of Civil Procedure 15 "provides that leave to amend should be freely granted 'when justice so requires.'"  *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (citing Fed. R. Civ. P. 15(a)(2)).  But despite the preference for amendment, a court need not grant leave to amend if amendment would be "futile."  *See id.*; *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").  This is especially true if the court determines that it lacks jurisdiction over the proposed amended complaint.  *See, e.g., Espinoza v. City of Seattle*, 2019 WL 5079950, at *4 (W.D. Wash. Oct. 9, 2019) (denying leave to amend because the court lacks subject-matter jurisdiction over the proposed amended claims).  A district court thus "does not err in denying leave to amend where the amendment would be futile or

---

[3] As the Court is dismissing the Complaint for lack of subject-matter jurisdiction, it declines to address the parties' *Burford* abstention arguments.
[4] There is no amended complaint on file.  *See generally* Dkt.  Plaintiff appears to have misfiled Dkt. # 10 as an amended complaint, which it is not.  To the extent it is a motion, it cannot be granted because, as discussed below, the Court lacks subject matter jurisdiction.

ORDER - 8

where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (internal citations omitted).

Here, the Court determines that granting Plaintiff leave to file the proposed second amended complaint would be futile.  Although the proposed complaint contains new factual allegations, such allegations fail to cure the jurisdictional deficiencies identified in part III.A(3) above (even though Plaintiff was notified of the jurisdictional issues by Defendant's Motion before filing the Motion for Leave to Amend).  The Court thus concludes that the proposed pleading would be subject to dismissal for lack of subject-matter jurisdiction, and so it DENIES Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 21).[5]

C.    Plaintiff's Motions for Immediate Pension Enforcement (Dkt. # 11) and Relief from Premature Claim Closure and Termination of Benefits (Dkt. # 27)

Plaintiff requests that the Court order "immediate payment of retroactive pension benefits in the principal amount of $1,103,469.48, together with statutory interest accruing on each unpaid installment from its due date until paid in full"; recognize "that the principal reflects benefits accrued through December 23, 2025, and continues to increase by $13,623.08 per month until payment is made"; direct "Defendant to commence ongoing monthly pension payments forthwith, without interruption"; and "set aside the termination of Plaintiff's time-loss benefits and remand the claim for completion of the psychological evaluation and further development of the medical record."  Dkt. ## 11 at 2; 27 at 2.  Plaintiff does not clarify the procedural basis for these motions.  *See generally* Dkt. ## 11 & 27.  The Court thus construes them as Motions for Judgment on the Pleadings or alternatively, as Motions for Preliminary Injunctive Relief.

---

[5] As the Court is dismissing on procedural due process grounds, it need not consider Defendant's *Monell* arguments.

ORDER - 9

Because a court cannot grant judgment on the pleadings or issue a preliminary injunction if there is no subject-matter jurisdiction, the Court cannot grant Plaintiff's requested relief.  *See, e.g.*, *Addington v. US Airline Pilots Ass'n*, 588 F. Supp. 2d 1051, 1062 (D. Ariz. 2008) ("Of course, no relief can be granted by this court in the absence of subject matter jurisdiction.").  The Court thus STRIKES Plaintiff's Motions at Dkt. ## 11 & 27.

**IV**
**CONCLUSION**

For these reasons, the Court:

(1) GRANTS Defendants' Motion to Dismiss (Dkt. # 14).  Plaintiff's Complaint (Dkt. # 7) is DISMISSED without prejudice.

(2) DENIES Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. # 21).

(3) STRIKES Plaintiff's Motion for Immediate Pension Enforcement (Dkt. # 11) and Motion for Relief from Premature Claim Closure and Termination of Benefits (Dkt. # 27).

(4) DISMISSES this matter without prejudice.

Dated this 6th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 10